# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| Mueller Systems, LLC, | ) |
| *Plaintiff*, | ) Case No.: _____ |
| vs. | ) **JURY TRIAL DEMANDED** |
| SIPCO LLC, | ) |
| *Defendant*. | ) |

## COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT

Mueller Systems, LLC (hereinafter "DJ Plaintiff" or "Mueller") through this Declaratory Judgment Complaint seeks a determination that Mueller does not infringe the following patents owned by SIPCO LLC (hereinafter "Defendant" or "SIPCO"): U.S. Patent Nos. 9,439,126; 9,860,820; 10,356,687; 11,039,371; 7,756,086; 8,031,650; 8,379,564; 8,446,884; 8,787,246; 7,089,125; 7,480,501; 8,489,063; 8,666,357; 8,942,666; 9,282,029; 9,521,533; 9,615,226; 10,149,129; 10,687,194; and 7,184,861 (sometimes collectively the "Patents"). An actual case and controversy exists regarding the non-infringement of the Patents based on Defendant's past, present and expected future attempts to obtain royalty payments based in part on the alleged infringement of the Patents.

## THE PARTIES

1. Defendant Mueller Systems, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal office at 1200 Abernathy Rd,

Suite 1200, Atlanta (Fulton County), Georgia, 30328. Mueller generally is in the business of providing water systems and components thereof.

2. Plaintiff SIPCO LLC is a limited liability company organized and existing under the laws of the State of Georgia. SIPCO is a patent holding company that neither makes nor sells any products.

## JURISDICTION AND VENUE

3. Mueller entered into a Patent License Agreement in 2011 (the "Agreement") that required Mueller to make certain royalty payments related to specified Mueller products (the "Mueller Products"). These products were products listed in Schedule A to the Agreement and also ones covered by one or more patents listed on Schedule B, including the Patents. The Agreement contained a covenant-not-to-sue, which is not applicable because SIPCO is in material breach of the Agreement and the covenant is unenforceable.

4. Mueller has determined that it has not in the past infringed the Patents, does not infringe them now, and will not infringe the Patents in the future. Mueller sent SIPCO a letter on January 31, 2025 demanding that, by February 6, 2025, SIPCO refund the past overpaid amounts (*i.e.*, $515,780) and acknowledge that no future royalty payments are due under the Agreement. SIPCO did not respond by the February 6 deadline. Consequently, because SIPCO has refused to acknowledge that Mueller has overpaid royalties in the past and to repay such amounts, and because SIPCO refuses to acknowledge that Mueller no longer has any duty under the Agreement to make royalty payments in the future, an actual case and controversy exists regarding the non-infringement of the Patents and therefore this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201-2202.

5. This Court has personal jurisdiction over SIPCO because SIPCO is organized under the laws of Georgia and thus general jurisdiction exists. *Cooper Tire v. McCall*, 312 Ga. 422 (2021); *Mallory v. Norfolk Southern*, 600 U.S. 122 (2023). Moreover, the transactions in question (e.g., Mueller's payment of royalties to SIPCO under the Agreement) took place in Georgia and by themselves establish minimum contacts with Georgia such that specific jurisdiction would be found. Further, the exercise of jurisdiction comports with Due Process under the Georgia and United States constitutions.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), as SIPLA is organized and exists under the laws of Georgia, resides in this District and a substantial portion of the activities giving rise to the controversy took place in this District.

7. SIPCO can be served through its registered agent Joseph Brian King, at 421 Jade Dr., Augusta, Georgia, 30907, USA.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,439,126

8. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 – 7 above.

9. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 9,439,126 (the "126 Patent").

10. SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the 126 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 126 Patent.

11. To infringe the 126 Patent, the Mueller Products must meet each limitation of each claim of the 126 Patent. One limitation of all the claims of the 126 Patent is that the product must maintain a connection list with success data scores associated with alternative parent nodes or transmission paths. A "success data score" is a calculated number that represents the number of successful and unsuccessful transmissions to remote devices. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 126 Patent for at least this reason.

12. The case and controversy should be resolved through a judgment that all claims of the 126 Patent are not infringed by the Mueller Products.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,860,820

13. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

14. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 9,860,820 (the "820 Patent").

15. SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the 820 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 820 Patent.

16. To infringe the 820 Patent, the Mueller Products must meet each limitation of each claim of the 820 Patent. One limitation of all the claims of the 820 Patent is that the product must maintain a connection list with success data scores associated with alternative parent nodes or transmission paths. A "success data score" is a calculated number that represents the number of

successful and unsuccessful transmissions to remote devices. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 820 Patent for at least this reason.

17. The case and controversy should be resolved through a judgment that all claims of the 820 Patent are not infringed by the Mueller Products.

## COUNT III – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,356,687

18. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

19. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 10,356,687 (the "687 Patent").

20. SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the 687 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 687 Patent.

21. To infringe the 687 Patent, the Mueller Products must meet each limitation of each claim of the 687 Patent. One limitation of all the claims of the 687 Patent is that the product must maintain a connection list with success data scores associated with alternative parent nodes or transmission paths. A "success data score" is a calculated number that represents the number of successful and unsuccessful transmissions to remote devices. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 687 Patent for at least this reason.

22. The case and controversy should be resolved through a judgment that all claims of the 687 Patent are not infringed by the Mueller Products.

## COUNT IV – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 11,039,371

23. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

24. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 11,039,371 (the "371 Patent").

25. SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the 371 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 371 Patent.

26. To infringe the 371 Patent, the Mueller Products must meet each limitation of each claim of the 371 Patent. One limitation of all the claims of the 371 Patent is that the product must maintain a connection list with success data scores associated with alternative parent nodes or transmission paths. A "success data score" is a calculated number that represents the number of successful and unsuccessful transmissions to remote devices. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 371 Patent.

27. The case and controversy should be resolved through a judgment that all claims of the 371 Patent are not infringed by the Mueller Products.

## COUNT V – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,756,086

28. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

29. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 7,756,086 (the "086 Patent").

30. SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the 086 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 086 Patent.

31. To infringe the 086 Patent, the Mueller Products must meet each limitation of each claim of the 086 Patent. One limitation of all the claims of the 086 Patent is that the product must be configured to communicate in both a spread spectrum mode and a fixed frequency mode. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 086 Patent.

32. The case and controversy should be resolved through a judgment that all claims of the 086 Patent are not infringed by the Mueller Products.

## COUNT VI – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,031,650

33. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

34. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 8,031,650 (the "650 Patent").

35. SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the 650 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 650 Patent.

36. To infringe the 650 Patent, the Mueller Products must meet each limitation of each claim of the 086 Patent. One limitation of all the claims of the 086 Patent is that the product must be configured to communicate in both a spread spectrum mode and a fixed frequency mode. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 650 Patent for at least this reason.

37. The case and controversy should be resolved through a judgment that all claims of the 650 Patent are not infringed by the Mueller Products.

## COUNT VII – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,379,564

38. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

39. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 8,379,564 (the "564 Patent").

40. SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 564 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 564 Patent.

41. To infringe the 564 Patent, the Mueller Products must meet each limitation of each claim of the 564 Patent. One limitation of all the claims of the 564 Patent is that the product must be configured to communicate in both a spread spectrum mode and a fixed frequency mode. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 564 Patent for at least this reason.

42. The case and controversy should be resolved through a judgment that all claims of the 564 Patent are not infringed by the Mueller Products.

## COUNT VIII – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,446,884

43. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

44. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 8,446,884 (the "884 Patent").

45. SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the 884 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 884 Patent.

46. To infringe the 884 Patent, the Mueller Products must meet each limitation of each claim of the 884 Patent. One limitation of all the claims of the 884 Patent is that the product must be configured to communicate in both a spread spectrum mode and a fixed frequency mode. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 884 Patent for at least this reason.

47. The case and controversy should be resolved through a judgment that all claims of the 884 Patent are not infringed by the Mueller Products.

## COUNT IX – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,787,246

48. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

49. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 8,787,246 (the "246 Patent").

50. SIPCO has in the past and continues to assert that Mueller owes it royalty payments based in part on Mueller's alleged infringement of the 246 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 246 Patent.

51. To infringe the 246 Patent, the Mueller Products must meet each limitation of each claim of the 246 Patent. One limitation of all the claims of the 246 Patent is that the product must determine a satellite's time-to-live. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 246 Patent for at least this reason.

52. The case and controversy should be resolved through a judgment that all claims of the 246 Patent are not infringed by the Mueller Products.

## COUNT X – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,089,125

53. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

54. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 7,089,125 (the "125 Patent").

55. SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 125 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 125 Patent.

56. To infringe the 125 Patent, the Mueller Products must meet each limitation of each claim of the 125 Patent. One limitation of all the claims of the 125 Patent is that the product must generate a set of coefficients that can be used to determine the load on a power distribution component, such as a transformer. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 125 Patent for at least this reason.

57. The case and controversy should be resolved through a judgment that all claims of the 125 Patent are not infringed by the Mueller Products.

## COUNT XI – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,480,501

58. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

59. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 7,480,501 (the "501 Patent").

60. SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 501 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 501 Patent.

61. To infringe the 501 Patent, the Mueller Products must meet each limitation of each claim of the 501 Patent. One limitation of all the claims of the 501 Patent is that the product must transmit "emergency messages." The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 501 Patent for at least this reason.

62. The case and controversy should be resolved through a judgment that all claims of the 501 Patent are not infringed by the Mueller Products.

## COUNT XII – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,489,063

63. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

64. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 8,489,063 (the "063 Patent").

65. SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 063 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 063 Patent.

66. To infringe the 063 Patent, the Mueller Products must meet each limitation of each claim of the 063 Patent. One limitation of all the claims of the 063 Patent is that the product must transmit "emergency messages." The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 063 Patent for at least this reason.

67. The case and controversy should be resolved through a judgment that all claims of the 063 Patent are not infringed by the Mueller Products.

## COUNT XIII – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,666,357

68. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

69. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 8,666,357 (the "357 Patent").

70.     SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 357 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 357 Patent.

71.     To infringe the 357 Patent, the Mueller Products must meet each limitation of each claim of the 357 Patent. One limitation of all the claims of the 357 Patent is that the product must transmit "emergency messages." The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 357 Patent for at least this reason.

72.     The case and controversy should be resolved through a judgment that all claims of the 357 Patent are not infringed by the Mueller Products.

## COUNT XIV – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,942,666

73.     Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

74.     Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 8,942,666 (the "666 Patent").

75.     SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 666 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 666 Patent.

76.     To infringe the 666 Patent, the Mueller Products must meet each limitation of each claim of the 666 Patent. One limitation of all the claims of the 666 Patent is that the product must transmit "emergency messages." The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 666 Patent for at least this reason.

77. The case and controversy should be resolved through a judgment that all claims of the 666 Patent are not infringed by the Mueller Products.

## COUNT XV – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,282,029

78. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

79. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 9,282,029 (the "289 Patent").

80. SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 289 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 289 Patent.

81. To infringe the 289 Patent, the Mueller Products must meet each limitation of each claim of the 289 Patent. One limitation of all the claims of the 289 Patent is that the product must transmit "emergency messages." The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 289 Patent for at least this reason.

82. The case and controversy should be resolved through a judgment that all claims of the 289 Patent are not infringed by the Mueller Products.

## COUNT XVI – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,521,533

83. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

84. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 9,521,533 (the "533 Patent").

85. SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 533 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 533 Patent.

86. To infringe the 533 Patent, the Mueller Products must meet each limitation of each claim of the 533 Patent. One limitation of all the claims of the 533 Patent is that the product must transmit "emergency messages." The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 533 Patent for at least this reason.

87. The case and controversy should be resolved through a judgment that all claims of the 533 Patent are not infringed by the Mueller Products.

## COUNT XVII – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,615,226

88. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

89. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 9,615,226 (the "226 Patent").

90. SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 226 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 226 Patent.

91. To infringe the 226 Patent, the Mueller Products must meet each limitation of each claim of the 226 Patent. One limitation of all the claims of the 226 Patent is that the product must

transmit "emergency messages." The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 226 Patent for at least this reason.

92. The case and controversy should be resolved through a judgment that all claims of the 226 Patent are not infringed by the Mueller Products.

## COUNT XVIII – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,149,129

93. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

94. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 10,149,129 (the "129 Patent").

95. SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 129 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 129 Patent.

96. To infringe the 129 Patent, the Mueller Products must meet each limitation of each claim of the 129 Patent. One limitation of all the claims of the 129 Patent is that the product must transmit "emergency messages." The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 129 Patent for at least this reason.

97. The case and controversy should be resolved through a judgment that all claims of the 129 Patent are not infringed by the Mueller Products.

## COUNT XIX – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,687,194

98. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

99. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 10,687,194 (the "194 Patent").

100. SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 194 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 194 Patent.

101. To infringe the 194 Patent, the Mueller Products must meet each limitation of each claim of the 194 Patent. One limitation of all the claims of the 194 Patent is that the product must transmit "emergency messages." The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 194 Patent for at least this reason.

102. The case and controversy should be resolved through a judgment that all claims of the 194 Patent are not infringed by the Mueller Products.

## **COUNT XX – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,184,861**

103. Mueller hereby incorporates herein by reference the allegations set forth in Paragraphs 1 - 7 above.

104. Upon information and belief, SIPCO owns all right, title and interest in U.S. Patent No. 7,184,861 (the "861 Patent").

105. SIPCO has in the past and continues to assert that Mueller owed it royalty payments based in part on Mueller's alleged infringement of the 861 Patent. Thus, an actual case and controversy exists regarding the non-infringement of the 861 Patent.

106. To infringe the 861 Patent, the Mueller Products must meet each limitation of each claim of the 861 Patent. One limitation of all the claims of the 861 Patent is that the product must generate a demand reduction control signal that is sent to an appliance control unit. The Mueller Products at issue do not meet this limitation and thus there is no infringement of the 861 Patent for at least this reason.

107. The case and controversy should be resolved through a judgment that all claims of the 861 Patent are not infringed by the Mueller Products.

## PRAYER FOR RELIEF

1. A judgment that the Mueller Products do not infringe each claim of the Patents.
2. A preliminary and permanent injunction barring SIPCO from seeking future royalties based on the alleged infringement of the Patents by the Mueller Products.
3. Such further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 7th, 2025

*/s/ John L. North*
John L. North
Georgia Bar No. 545580
Jeffrey R. Kuester
Georgia Bar No.: 429960

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
jnorth@taylorenglish.com
jkuester@taylorenglish.com